## CARLOS P. HOUGHTON *et al.* agt. DAVID GARDNER.

Costs of opposing a motion for a new trial, after judgment entered, may be collected by precept, or the party may at his election make up a new record and include them in it.

Where a defendant moves for a new trial after judgment entered, and the motion is denied on the plaintiff's deducting a certain sum from the verdict (which was erroneously inserted), defendant is liable for costs of opposing motion.

*April Term,* 1846.

MOTION that defendant pay balance of taxed bill of costs, or that precept issue.

[145*]      *This cause was tried at the New-York circuit, in February, 1844, and a verdict rendered for plaintiffs, for $188.79, judgment was entered February 22d, 1844, for the amount of the verdict and costs up to that time; execu-

tion was afterwards issued, and the amount collected on the execution. On the 7th of June, 1844, a motion was made by defendant for leave to make a case or bill of exceptions (the time for that purpose having expired), and for a stay of proceedings until the case or bill should be decided. Upon that motion an order was made by this court, granting defendant leave to make a case or bill of exceptions in twenty days, on payment of costs of opposing the motion, but not granting a stay of proceedings; defendant made a case and it was brought to argument at the last January term, and an order made that a new trial be denied, on the plaintiffs' deducting $11.98 from the verdict; the court found that an error had been made in computation of interest, by which the verdict was for $11.98 too much; the plaintiffs' counsel then offered to deduct that amount from the verdict. The plaintiffs' costs of opposing the motion for a new trial were taxed on the 7th February last, at $65.08, and a copy taxed bill, copy order denying a new trial and a stipulation to deduct $11.98 from the bill as taxed, were served on defendant, and the balance, $53.10, demanded of defendant, which he refused to pay.

Defendant's counsel insisted that the defendant was not bound to pay costs at all, that he had virtually succeeded on the motion for a new trial; and, at any rate, if the plaintiffs were entitled to the costs, they could not collect them on a precept, they should be included in the judgment record.

M. T. REYNOLDS, *plaintiffs' counsel.*

F. SAYRE, *plaintiffs' attorney.*

G. R. J. BOWDOIN, *defendant's counsel.*

R. H. SHANNON, *defendant's attorney.*

BEARDSLEY, Justice. Held that the plaintiffs were entitled to the balance of the costs, and that they might elect which way they would collect them, either to make up a new record and include the costs in it, or take a precept. Plaintiffs' counsel elected to take a precept, and the rule was entered that the defendants pay $53.10, with $10 costs of this motion, in twenty days after service of the order, or that a precept issue therefor.